# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# SHERMAN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Chapter 11 |
| COLOR STAR GROWERS | ) | |
| OF COLORADO, INC., VAST, INC. and | ) | Case No. 13-42959-BTR |
| COLOR STAR, LLC, | ) | |
| | ) | (Jointly Administered) |
| Debtors. | ) | |

## FEE APPLICATION COVER SHEET

**Fee Application:**   Second Interim and
                       Final Fee Application

**Applicant:**         Gavin/Solmonese LLC

**Time Period:**       January 14, 2014 through May 31, 2014

**Capacity:**          Financial Advisor to the Official
                       Committee of Unsecured Creditors

**Retainer Received:** None

| | First Interim<br>(1/14/14 – 2/28/14) | Second and Final<br>(3/1/14-5/31/14) | Total |
|---|---|---|---|
| **Total Fees** | $54,777.50 | $92,273.75 | $147,051.25 |
| **Expense** | $1,709.49 | $2,828.59 | $4,538.08 |
| **Total Requested:** | $56,486.99 | $95,102.34 | $151,589.33 |
| **Amount Previously Paid:** | ($15,570.00) | $0.00 | ($15,570.00) |
| **Current Payment Request:** | $40,916.99 | $95,102.34 | $136,019.33 |

SECOND INTERIM AND FINAL FEE APPLICATION OF GAVIN/SOLMONESE LLC, FINANCIAL ADVISORS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES – Page 1

## HOURLY RATES

|  | First Interim<br>(1/14/14 - 2/28/14) | Second and Final<br>(3/1/14 – 5/31/14) | Total |
|---|---|---|---|
| Total Professional Billed Hours: | 136.00 | 246.00 | 382.00 |
| Highest Professional Rate: | $600.00 | $600.00 | $600.00 |
| Lowest Professional Rate: | $275.00 | $275.00 | $275.00 |
| Blended Professional Rate: | $402.78 | $375.10 | $384.95 |

## EXPENSE SUMMARY

| Expense Category | First Interim<br>(1/14/14 – 2/28/14) | Second and Final<br>(3/1/14-5/31/14) | Total Expenses |
|---|---|---|---|
| Airfare | $1,264.62 | $1,512.98 | $2,777.60 |
| Hotel | $268.34 | $954.43 | $1,222.77 |
| Meals | $0.00 | $19.24 | $19.24 |
| Parking | $40.00 | $150.00 | $190.00 |
| Public Record Search (Pacer) | $11.00 | $26.60 | $37.60 |
| Taxi | $112.00 | $157.35 | $269.35 |
| Telephone | $13.53 | $7.99 | $21.52 |
| **Total:** | **$1,709.49** | **$2,828.59** | **$4,538.08** |

Dated:   July 28, 2014

*[signature: Edwin T. Gavin]*

Edwin T. Gavin
GAVIN/SOLMONESE LLC
919 N. Market Street, Suite 600
Wilmington, DE, 19801
(302) 655-8997 ext. 151

*Financial Advisors to the Official*
*Committee of Unsecured Creditors*

SECOND INTERIM AND FINAL FEE APPLICATION OF GAVIN/SOLMONESE LLC, FINANCIAL ADVISORS
TO THE OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF COMPENSATION
AND REIMBURSEMENT OF EXPENSES – Page 2

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | Chapter 11 |
| COLOR STAR GROWERS ) | |
| OF COLORADO, INC., VAST, INC. and ) | Case No. 13-42959-BTR |
| COLOR STAR, LLC, ) | |
| ) | (Jointly Administered) |
| Debtors. ) | |

**SECOND INTERIM AND FINAL FEE APPLICATION OF
GAVIN/SOLMONESE LLC, FINANCIAL ADVISORS TO THE OFFICIAL
COMMITTEE OF UNSECURED CREDITORS FOR ALLOWANCE OF
COMPENSATION AND REIMBURSEMENT OF EXPENSES**

GAVIN/SOLMONESE LLC (the "Applicant"), Financial Advisors to the Official Committee of Unsecured Creditors (the "Committee") for Color Star Growers of Colorado, Inc., Vast, Inc. and Color Star, LLC (collectively the "Debtors"), files its Second Interim and Final Application for Allowance of Compensation and Reimbursement of Expenses (the "Application") for the period from January 14, 2014 through May 31, 2014 (the "Application Period").

1.   This Court has jurisdiction over the subject matter of this Application pursuant to the provisions of 28 U.S.C. §§157 and 1334. This matter is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). This Application is filed pursuant to 11 U.S.C. §§330, 331 and 503(b)(2) and Rule 2016 of the Federal Rules of Bankruptcy Procedure.

2.   On December 15, 2013 (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of the U.S. Bankruptcy Code, 11 U.S.C. §101, et seq., thereby initiating the above referenced bankruptcy case.

3. Since the Petition Date, the Debtor has continued to operate and manage its business as a debtor-in-possession pursuant to sections 1107 and 1108 of the Bankruptcy Code.

4. On January 14, 2014 the U.S. Trustee for the Eastern District of Texas (the "UST") appointed the following creditors to the Committee (Docket No. 97): (i) Express Seed Co.; (ii) Michell's Seed; and (iii) Ball Seed Co. David Colotriano, a representative of Michell's Seed, is the Chairperson of the Committee.

5. On January 21, 2014 the UST appointed the following two additional members to the Committee (Docket No. 105): (i) Summit Plastic Co. and (ii) BWI Companies, Inc.

6. The Committee filed its Application to Employ Gavin/Solmonese LLC as Financial Advisors to the Official Committee of Unsecured Creditors Effective January 14, 2014 (Docket No. 113). On March 4, 2014 this Court entered its Order Approving Application for Order Authorizing Employment of Gavin/Solmonese, LLC as Financial Advisors to the Official Committee of Unsecured Creditors Effective January 14, 2014 (Docket No. 179) (the "Employment Order"). A true and correct copy of the Employment Order is attached hereto as Exhibit "A."

7. During the Application Period, Applicant has provided financial advisory services for the Committee and makes this Application for the award of reasonable compensation and reimbursement of reasonable and necessary out-of-pocket expenses incurred in connection with its services provided to the Committee.

8. Applicant believes that the fees applied for herein are fair and reasonable in view of the time spent, the size, complexity and extent of the operation of the estate, the

risks associated with this case, and the results obtained. Applicant has attached as Exhibit "B" a summary, by individual, which lists the total hours billed and the applicable billing rates. In addition, Applicant has attached as Exhibit "C" a time summary by project representing total hours billed and total fees requested for each project category. Supplementing Exhibit "C" are Exhibits "D" and "E" which itemize the time spent by each individual on each project and the detailed description of how each of these hours was spent on a day-to-day basis.

9. By and through this Application, Applicant requests approval of (i) fees in the amount of $92,273.75 for services rendered as Financial Advisor during March 1, 2014 through May 31, 2014, (ii) expenses in the amount of $2,828.59 incurred and disbursed during March 1, 2014 through May 31, 2014, (iii) allowance of final compensation in the amount of $147,051.25 for services rendered as Financial Advisor during the Application Period, (iv) authority for final payment to the Applicant of 100% of such compensation ($147,051.25) pursuant to the Administration Order, and (v) allowance of final reimbursement and immediate payment in the amount of $4,538.08 for expenses incurred and disbursed during the Application Period. Applicant spent a total of 382.00 hours providing the services for which fees are requested.

10. The general categories of services rendered by the Applicant are summarized as follows:

> (a) **Asset Disposition (1.60 Hours - $650.00)** This category includes sales, leases (§365 matters), abandonment and transaction work related to asset disposition, including §363 sales and other disposition of assets.

(b) **Business Analysis (198.50 Hours - $82,057.50)** This category includes time spent in the review of debtor's business plan; development and review of strategies; preparation and review of cash flow forecasts and feasibility studies and general review of business matters as they pertain to the bankruptcy case.

(c) **Business Operations (4.30 Hours – $1,182.50)** This category includes work undertaken in providing advisory services or analysis relative to the operation of the business, including: developing operating procedures; implementation of cash flow plans; meeting or speaking with vendors and state auditors; and interaction with others in a management role concerning various management issues.

(d) **Case Administration (3.30 Hours - $1,272.50)** This category includes time spent in coordination and compliance matters including case management tasks; schedules; contacts with the Office of the United States Trustee; general record keeping and documentation requirements.

(e) **Claims Administration and Objections (42.50 Hours - $13,802.50)** This category includes specific claim inquiries; bar date motions; and claim analysis objections and allowance of claims.

(f) **Court Hearing (10.00 Hours - $3,172.50)** Time billed to this category includes time related to attending and preparing for hearings held before the United States Bankruptcy Court for the

Eastern District of Texas. During the Compensation Period, the Applicant, among other things, attended hearings before the Bankruptcy Court.

(g) **Data Analysis (14.00 Hours - $3,960.00)**  This category includes time spent reviewing debtor business records, cash flow budgets and forecasts, intellectual property rights, books-and-records and other documentation and general tasks, such as correspondence, teleconferences and record keeping, which are directly related thereto.

(h) **Fee/Employment Application (17.50 Hours - $7,430.00)**  This category includes the preparation and/or review of employment and fee applications for self or others; motions to establish interim procedures.

(i) **Financing (13.50 Hours - $6,285.00)**  Matters under §§ 361, 363 and 364 including cash collateral and secured claims; debtor-in-possession credit facilities; loan document analysis and tasks related thereto.

(j) **Litigation Support (19.90 Hours - $8,952.50)**  Time billed to this category represents the Financial Advisor's efforts in preparing and reviewing motions, objections and supporting data related to bring or defending adversarial proceedings or objections to pending or future motions.

(k) **Meetings of Creditors (20.20 Hours - $7,875.00)** Time billed to this category represents the Applicant's interactions with members

(l) **Plan and Disclosure Statement (8.80 Hours - $4,180.00)** This category includes review, discussion of or formulation of actual, theoretical or proposed Plan(s) and/or Disclosure Statement(s), including presentation and confirmation; compliance with plan confirmation orders, if any; and related activities, such as communication and correspondence, related thereto.

(m) **Travel Time (27.70 Hours - $6,136.25)** Time billed to this category represents all non-working travel time in connection with this case.

(n) **Valuation (0.20 Hours $95.00)** This category relates to preparing or reviewing appraisals or valuations of assets.

11.  Exhibit D includes a summary and detailed itemization of actual and necessary expenses incurred by Applicant for which reimbursement is sought in the amount of $4,538.08. Applicant represents that such expenses are reasonable, economical and customarily charged to non-bankruptcy clients. Applicant further represents that requested expenses adhere to allowable rates for expenses as fixed by federal and local guidelines or order of the Court.

12.  The Fifth Circuit Court of Appeals has enumerated a number of factors which should be considered in awarding compensation to professionals, such as the Applicant, in a bankruptcy proceeding such as the instant one. See *First Colonial Corp. v. Am. Benefit Life Ins. Co*, 544 F.2d 1291 (5th Cir. 1977) *cert. denied*, 431 U.S. 904 (1977).

See *Lawler v. Teofan,* 807 F.2d 1207 (5th Cir. 1987). See also 11 U.S.C. §330 and §331. Consideration of these factors follows:

    A.    <u>Time and Labor Required</u>. Since its appointment, Applicant has committed the necessary time and effort on behalf of the Committee. During the Application Period, a total of 382.00 hours were incurred by the Applicant on behalf of the Committee, which equals $147,051.25.

    B.    <u>Novelty and Difficulty of the Questions</u>. The issues that Applicant encountered serving as Financial Advisors to the Committee during this Application Period have been of a complex and specialized nature, requiring advanced skills and knowledge in bankruptcy accounting, financial and forensic analysis, and reporting in order to obtain results useful to the Committee and beneficial to its constituents.

    C.    <u>Skill Requisite to Perform the Services Properly</u>. Applicant's firm has members, including those who have performed services on behalf of the Committee, who have specialized skills in various facets of financial analysis, bankruptcy accounting and financial consulting. Due to their expertise and skill in these specialized areas, Applicant believes far more time would have been expended by less experienced personnel, with considerably less desirable results. The array of financial analysis presented in this proceeding and the prompt and skillful action taken with regard to such problems by Applicant required a very high degree of expertise and experience. Applicant's abilities in this area are well known and enable it to provide services to committees effectively and efficiently in bankruptcy proceedings such as the instant one.

  D. <u>Exclusion of Other Employment</u>.  Applicant does not believe that this is or should be a significant factor in the consideration of the Application.

  E. <u>Customary Fees</u>.  The fees for which Applicant has applied herein are within the customary fees charged and awarded in other proceedings for similar services rendered and results obtained.

  F. <u>Whether the Fee is Fixed or Contingent</u>.  Applicant's fee in this proceeding is fixed at its standard hourly rates and is not contingent upon results achieved or the ultimate availability of funds for the payment of said fees from the bankruptcy estate.  Applicant, however, understands that fees in bankruptcy cases are subject to scrutiny by this Court.

  G. <u>Time Limitations.</u>  Applicant believes that its role in this case has, to date, been handled in an expeditious manner, given the factual circumstances involved and the complex issues confronted.  Applicant further believes that no undue delays have occurred and that it has proceeded expeditiously and efficiently to the benefit of the Committee and its constituents.

  H. <u>The Amount Involved and Results Obtained</u>.  Results of Applicant's work while not precisely quantifiable at this early stage, have doubtlessly yielded substantial benefits to the creditors and all other parties-in-interest.  During the Application Period, Applicant has monitored and provided explanation of the Debtor's financial activities and fast changing business plans for the Committee and Committee's counsel.

  I. <u>Experience, Reputation and Ability of Applicant</u>.  Applicant submits that its personnel are respected for their ability in management, accounting and

financial consulting services, particularly in regard to bankruptcy situations. Applicant has been retained by numerous debtors-in-possession, trustees, secured creditors and creditors' committees in various Chapter 11 and Chapter 7 proceedings and has received favorable comments from the courts and other parties-in-interest.

J.      The Nature and Length of the Professional Relationship with the Debtor. Prior to Applicant's engagement by the Debtor in January 2014, Applicant had not performed services for the Debtor or any related entities. Applicant has performed advisory services in numerous other bankruptcies, some of which may have also involved certain creditors and attorneys involved in this case.

K.      Awards in Similar Cases. Applicant believes that the services rendered herein as Financial Advisors to the Official Committee of Unsecured Creditors have substantially benefited the estate and its creditors, and that such services are of a reasonable value. Applicant further represents that the fees applied for are in conformity with fees allowed in similar proceedings for similar services rendered and results obtained. Applicant respectfully requests that the Court take judicial notice of the awards that have been made in similar proceedings in this Court and other bankruptcy courts in the State of Texas.

13.     Applicant does not hold nor has it represented at any time during this engagement any interest adverse to the estate, and has been at all times a disinterested party. Applicant has made no agreement for the sharing of compensation for services rendered in or in connection with this case with any other person, other than the individual members of the Applicant's firm.

**PRAYER FOR RELIEF**

WHEREFORE, the Applicant respectfully requests that the Court (i) allow on a final basis, the reasonable compensation for professional services rendered by Applicant for the period of March 1, 2014 through May 31, 2014 in the amount of $92,273.75 and the reimbursement of actual and necessary expenses in the amount of $2,828.59, (ii) allowance of final compensation in the amount of $147,051.25, for professional services rendered during the Application Period and reimbursement for actual and necessary costs in the amount of $4,538.08; (iii) immediate payment of Applicant's remaining and allowed yet unpaid fees and expenses in the amount of $136,019.33; and (iv) grant Applicant such other and further relief as is just and proper.

      Respectfully submitted,

*(signature)*

Edwin T. Gavin
GAVIN/SOLMONESE, LLC
919 N. Market Street, Suite 600
Wilmington, DE, 19801
(302) 655-8997 ext. 151

*Financial Advisors to the Official Committee of Unsecured Creditors*